IN THE MATTER OF THE RECEIVERSHIP OF ADJAVANT ROOFING MANUFACTURING COMPANY, JOHN E. ISZARD, RECEIVER.

Decided November 12, 1926.

**Corporations—Receivership—Creditor's Claim Heard Before Jury and Opposed by Other Creditors, Who Alleged Estoppel as the Result of a Certain Agreement—Alleged That Entire Case was Improperly Before Supreme Court Because All Proceedings Were Entitled in the Circuit Court and All Papers Filed With County Clerk—Held, Proceedings Being Purely Statutory and the Legislature Having Provided That a Supreme Court Justice Shall Frame an Issue Which Shall be Tried in the Circuit Court, and That the Verdict Shall be Subject to the Control of the Supreme Court, the Statutory Proceedings Have Been Followed—Other Reasons For Reversal Considered and Dismissed.**

On rule for new trial.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Bourgeois & Coulomb.*

*Contra, Elwood C. Weeks.*

PER CURIAM.

This cause was tried at the Atlantic County Circuit, pursuant to section 77 of the Corporation act, upon a feigned issue.

Elizabeth M. Chase having filed her claim with the receiver, for moneys alleged to have been advanced by her to the company, and the Russelloid Company, another creditor, having filed a *caveat* against the same, she demanded a trial by jury as provided for by the section of the Corporation act above referred to.

The demand of Mrs. Chase was for $10,000, and the Russelloid Company answered the complaint and defended the

action, denying the claim of Mrs. Chase and setting up a certain agreement between her and others, and one Preston, acting for the Russelloid Company, as an estoppel.

Mrs. Chase obtained a verdict of $5,711.30, which under this rule we are asked to set aside.

Although not raised by any of the reasons assigned, it was argued that the entire proceeding now before this court was improper and irregular because all of the proceedings are entitled in the Atlantic County Circuit Court, and all pleadings, &c., filed with the clerk of that court, and the issue was tried by the Circuit Court judge, and, therefore, the present rule to show cause should have been heard and disposed of by the Circuit Court judge, or, if that be not so and the present rule to show cause is properly before this court, then all the prior proceedings are improper and should have been had in the Supreme Court and not the Circuit.

But we think this is not so. The proceeding is purely statutory and the legislature has provided that a justice of this court shall frame an issue which shall be tried in the Circuit Court, and that the verdict of the jury shall be subject to the control of this court as in suits originally instituted in this court.

While this differs from the practice and procedure in common law actions, yet, this being a purely statutory right the proceeding laid down by the statute must be, and in this case has been, followed.

It is further contended that the trial court erred in refusing to direct a verdict against Mrs. Chase upon the ground that because of her covenant in the agreement between herself and others, and Preston, representing the Russelloid Company, she was estopped from having a recovery.

But we think the learned trial judge did not err in refusing to direct a verdict.

Estoppel by deed is operative only between the parties to the deed and their privies. Strangers to the deed are not bound by, nor can they invoke, the estoppel. *Osborne* v. *Tunis,* 25 *N. J. L.* 633; *Greggs* v. *Smith,* 12 *Id.* 22; 16 *Cyc.* 710.

The second and third reasons are that the verdict is against the weight of the evidence.

We do not find this to be so.

The fourth reason is not argued, and, therefore, is abandoned.

The fifth and sixth reasons attack as erroneous that part of the court's charge which is in the following language: "$4,788.20 is the amount which by the proof the plaintiff would be entitled to receive with interest from March 19th, 1923, if you find the verdict for the plaintiff."

This is not a complete quotation of all that the trial judge said upon this subject. Our reading of all that was said upon this subject leads us to the conclusion that there was no error therein.

The final ground is directed at the trial court's instruction as to the effect of the agreement between Mrs. Chase and others, and Preston, before referred to.

This instruction was not erroneous. What we have said in disposing of the refusal of the trial court to direct a verdict is applicable under this reason.

The rule to show cause is discharged, with costs.